IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SOUTHERN COAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 7:19-cv-00457 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRICKSTREET MUTUAL INSURANCE ) | United States District Judge |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Southern Coal Corporation (Southern Coal) sued defendant Brickstreet Mutual Insurance Company (Brickstreet) stemming from Brickstreet's performance under Southern Coal's workers' compensation and employers' liability insurance policies in 2017. Brickstreet filed a counterclaim for breach of contract resulting from Southern Coal's failure to reimburse Brickstreet for claims and expenses under the policies. The case is before the court on Brickstreet's motion for summary judgment (Dkt. No. 102) and supplemental motion for summary judgment (Dkt. No. 115). The motions were fully briefed and argued. Because Southern Coal conceded that its claims should be dismissed and that it is liable for breach of contract, the court will grant Brickstreet's motions for summary judgment. (*See* Dkt. No. 124.) However, for the reasons that follow, the court finds that Brickstreet's has not met its burden on summary judgment regarding its request for injunctive relief requiring specific performance, and the court will set further proceedings to determine the proper type of relief and/or amount of damages.

I.  BACKGROUND

In 2015, Southern Coal contracted with Brickstreet to obtain workers' compensation and employers' liability insurance. (Pl.'s Ex. A, B, Am. Compl., Dkt. No. 48-1.) Southern Coal purchased high deductible insurance policies for two years. (Am. Compl. ¶¶ 6-10, Dkt. No. 48.) Under the policies, Southern Coal was obligated to pay losses of up to $3 million, and no more than $500,000 on any one individual claim, for each policy year. (Am. Compl. ¶ 11.) As part of the payment of losses up to the deductible amount, Southern Coal was obligated to pay Brickstreet 12.5% of any losses as Allocated Loss Adjustment Expense ("ALAE") to cover the expenses incurred in the administration of the claims. (*Id.*)

To secure payment on an insurance claim, the policies provided that Southern Coal had to: (1) establish Loss Fund Collateral (Loss Fund) in the amount of $1,300,000; (2) post a letter of credit in the amount of $1.7 million for future losses; and (3) post an additional letter of credit in the amount of $1.647 million; and (4) replenish the Loss Fund in the amount of $388,144. (Ex. A ¶¶ 5–9, Dkt. No. 102-1.) Southern Coal was also contractually required to maintain the Loss Fund with a minimum balance of $500,000. (*Id.* ¶ 9.)

In 2017, Brickstreet resolved liability for an employee workplace death at a Southern Coal-related entity for a total exceeding $500,000. (*Id.* ¶ 32.) Brickstreet treated the settlement as two separate claims, each below Southern Coal's $500,000 deductible threshold. (*Id.*) Southern Coal argued the settlement should have been treated as one claim, resulting in reduced liability.

Since July 2, 2017, Southern Coal has failed to reimburse Brickstreet for the claims payments and ALAE due and owing under the written agreements and has failed to maintain the required minimum balance of $500,000 in the Loss Fund. (Dkt. No. 103 at 5 (Exhibit A, at ¶ 10).) From May 31, 2019, through June 2020, Southern Coal has failed to pay Brickstreet for various

invoices totaling $178,851.76.  (Dkt. No. 102-2 at 19-24.)  As of February 24, 2021, Brickstreet has exhausted the letters of credit and used those funds to cover Southern Coal's outstanding invoices and replenish the Loss Fund.  (Ex. A ¶¶ 12–15, Dkt. No. 102-1.)  Brickstreet continues to adjust and pay claims incurred during the relevant policy years.  Brickstreet projects a remaining liability at $964,085, which would leave the Loss Fund underfunded by approximately $457,378.  (*Id.* ¶¶ 17–18.)

On June 18, 2019, Southern Coal filed a complaint against Brickstreet alleging breach of contract (Count I), breach of the duty of good faith (Count II), fraud (Count III), and unjust enrichment (Count IV).  On June 10, 2020, Southern Coal filed an amended complaint including the same four counts. [1]  (Dkt. No. 48.)  In Count I, Southern Coal alleges that Brickstreet breached the insurance contract by improperly drawing on collateral, overstating loss obligations, and withholding funds that belong to Southern Coal.  (*Id.* at 11–13.)  In Count II, Southern Coal alleges that Brickstreet breached the implied covenant of good faith and fair dealing by: (1) wrongfully and in bad faith treating a claim for the death of an employee as two claims rather than one; (2) overdrawing the remaining collateral in amounts in excess of the payment obligations for both policy years; (3) retaining the LOC in an amount in excess of the remaining payment obligations for claims that remain open; and (4) setting excessive case reserves.  (*Id.* at 13–14.)  On November 6, 2020, Brickstreet filed an answer with a counterclaim alleging that Southern Coal breached its contract with Brickstreet by failing to make required deductible payments and other payments required by the insurance policy.  (Am. Answer 18, Dkt. No. 80.)

---

[1] Counts III and IV of the amended complaint were dismissed for failure to state a claim on December 8, 2020.  (Dkt. No. 87.)

Brickstreet moves for summary judgment, arguing that it is entitled to summary judgment on Southern Coal's Counts I and II and on its counterclaim. (Dkt. No. 102.) In its original motion for summary judgment, Brickstreet asks the court to grant judgment in its favor and schedule a hearing to determine future damages and attorneys' fees and costs, and, alternatively, requests that this court enter an injunction requiring specific performance by Southern Coal to maintain the Loss Fund. (Dkt. No. 103.) In its reply brief and in its supplemental motion for summary judgment, Brickstreet flips its request, asking this court to enter the injunction, and, alternatively, set further proceedings to determine future damages. (*See* Dkt. Nos. 111, 115.)

At the hearing on the motions for summary judgment, Southern Coal conceded that Brickstreet should be grated summary judgment on all Southern Coal's claims. Further, Southern Coal conceded that it is liable to Brickstreet on its claim against Southern Coal for breach of contract.

## II.  DISCUSSION

Given Southern Coal's concession of its own claims against Brickstreet and concession of its liability to Brickstreet for breach of contract, the only issue left for the court to decide is whether Brickstreet is entitled to an injunction for specific performance to require Southern Coal to maintain the Loss Fund in compliance with the contract.

To secure an injunction, Brickstreet must demonstrate that (1) it has suffered an irreparable injury; (2) legal remedies, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted considering the balance of hardships between the parties; and (4) the public interest would not be disserved by an injunction. *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011). Similarly, specific performance is ordinarily

4

available only when legal remedies are inadequate. *See, e.g., Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1076, 1088 (E.D. Va. 2011) (examining Virginia law).

Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). However, irreparable harm may be shown when damages may be unobtainable from the defendant because of insolvency before a final judgment can be entered and collected. *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL 3878403, at *8 (4th Cir. Aug. 31, 2021) (citing *Hughes*, 17 F.3d at 694).

Brickstreet argues that it has been irreparably harmed by Southern Coal's failure to pay premiums and expenses and maintain the Loss Fund due to Southern Coal's history of refusing to pay invoices and its sister companies' history of refusing to pay judgments. Further, Brickstreet argues that it will have to "get in line" behind other creditors and will not be able to recover damages. Southern Coal responds that legal remedies are adequate to compensate for its breach of contract and Brickstreet has not offered evidence to show that Southern Coal will become insolvent or will not be able to pay a monetary judgment.

The court finds that, on summary judgment, Brickstreet has not met its burden to show, as a matter of law, that it suffered an irreparable injury and that legal remedies, such as monetary damages, are not adequate to compensate for that injury. At the time of the briefing and hearing, Southern Coal had satisfied all its current financial obligations to Brickstreet, including replenishment of the Loss Fund to $500,000 by Brickstreet's draw on the letters of credit. The Loss Fund had dipped slightly below $500,000, which represented approximately half of Brickstreet's estimated damages. Further, the court finds that the evidence in the record—

namely, newspaper articles detailing business practices of Southern Coal's owner and sister companies—is not sufficient at this time to show that Southern Coal will be insolvent and monetary damages will not be obtainable. Therefore, the court will deny Brickstreet's request on summary judgment for an injunction for specific performance.

Given that Brickstreet is entitled to a legal remedy from Southern Coal, the court will set further proceedings to determine the appropriate remedy or remedies, which may include specific performance, attorneys' fees and costs, past damages, future damages, and/or any other appropriate award.

### III. CONCLUSION

For the reasons stated at the hearing and herein, the court will grant Brickstreet's motion for summary judgment as to Southern Coal's claims in Counts I and II for breach of contract and breach of implied covenant of good faith and fair dealing and as to Brickstreet's claim for breach of contract.[2] (Dkt. Nos. 102, 115.) The court will deny without prejudice Brickstreet's request for an injunction requiring specific performance and will schedule further proceedings to determine the appropriate legal remedy and any award of damages. The court will issue an appropriate order.

Entered: March 30, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Finally, Southern Coal filed a motion in limine to exclude evidence, argument, or reference to its financial condition, ability to pay debt, or other litigation. (Dkt. No. 123.) Given the court's ruling, the motion will be dismissed as moot without prejudice and can be refiled if Southern Coal believes the matter is still relevant.