IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SOUTHERN COAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 7:19-cv-00457 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| BRICKSTREET MUTUAL INSURANCE ) | United States District Judge |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is BrickStreet Mutual Insurance Company's (BrickStreet) motion to hold Southern Coal Corporation (Southern Coal) in civil contempt (Dkt. No. 149) for failure to comply with the court's Final Order entered on September 28, 2023 (Dkt. No. 145).[1] For the following reasons, the court will grant BrickStreet's motion and find Southern Coal in civil contempt.

I.  BACKGROUND

Southern Coal initially filed suit against BrickStreet regarding its performance under Southern Coal's workers' compensation and employers' liability insurance policies.  (*See* Am. Compl., Dkt. No. 48.)  BrickStreet then filed a counterclaim for breach of contract resulting from Southern Coal's failure to reimburse it for claims and expenses under the policies.  (*See* Countercl., Dkt. No. 80.)  BrickStreet moved for summary judgment (Dkt. No. 102), and during the hearing on that motion, Southern Coal conceded that summary judgment should be granted for all of BrickStreet's claims.  (Mem. Op. Granting Summ. J. 4, Dkt. No. 155.)  The court

---

[1] BrickStreet also filed a separate motion to require Southern Coal to post an appeal bond as an alternative to civil contempt.  (*See* Dkt. No. 153.)  Because the court will grant the motion to hold Southern Coal in civil contempt, the alternative motion will be dismissed as moot.

granted BrickStreet summary judgment but requested further briefing on the issue of remedies. (*Id.* at 6.)

In its motion for remedies, BrickStreet asked that the court not impose a monetary judgment but instead impose a permanent injunction requiring Southern Coal's specific performance of its contract, namely the provision requiring Southern Coal to replenish BrickStreet's Loss Fund. (BrickStreet's Br. in Supp. of Remedies 4, Dkt. No. 140.) In support of this request, BrickStreet noted that Stephen Ball, Southern Coal's corporate representative, testified in his deposition that the company is not in a position to replenish the Loss Fund because it has no income. (Deposition of Stephen Ball 25:21–26:6, Dkt. No. 135-1.) The court found Southern Coad to be insolvent and ordered specific performance regarding the Loss Fund. Notably, Southern Coal represented to the court, consistent with Ball's testimony, that "[o]ther entities within the Justice framework have paid joint owed debts of Southern Coal or other debts owed by the corporation." (Br. in Opp. of Remedies, Dkt. No. 141 at 8.)

The court ultimately granted BrickStreet's request for injunctive relief and ordered Southern Coal to replenish the Loss Fund in the amount of $503,985 within fourteen days of the entry of the Final Order on September 28, 2023, meaning Southern Coal should have to complied by October 12, 2023. (Final Order 2, Dkt. No. 145.) As of the writing of this memorandum opinion, Southern Coal has yet to comply with the Final Order. (Br. in Supp. of Mot. for Civil Contempt 2, Dkt. No. 150.) Southern Coal filed a notice of appeal on October 26, 2023, but this did not stay the enforcement of the permanent injunction. (Dkt. No. 146.) As Federal Rule of Civil Procedure 62(c)(1) notes, "Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: (1) an interlocutory or final

judgment in an action for an injunction or receivership . . . ." Southern Coal is therefore still responsible for complying with the Final Order.

## II.  DISCUSSION

### A.  Civil Contempt Standards

Civil contempt is appropriate where a party has violated an order of a court which "set[s] forth in specific detail an unequivocal command which a party has violated." *In re Motors*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)). The party moving for civil contempt must establish the following four elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (or at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 529 (4th Cir. 2022).  Once the movant meets its initial burden of showing these four elements, "the burden of production shifts to respondent to raise a defense on an appropriate ground." *Schwartz v. Rent-A-Wreck of Am.*, 261 F. Supp. 3d 607, 613 (D. Md. 2017).

BrickStreet easily meets each of these factors, and, notably, Southern Coal does not contest this. (*See* Br. in Opp. of Contempt, Dkt. No. 151.)  First, the court's Final Order is certainly a valid decree, and Southern Coal has knowledge of the Order since it is clearly noted on the docket. *See, e.g.*, *MVP v. Easements*, No. 7:17-cv-00492, 2018 WL 2088762, at *4 (W.D. Va. May 4, 2018) (finding that "the court's orders are valid decrees" and that the alleged contemnor "had notice of them.").  Second, the Final Order is in BrickStreet's favor since it granted Brickstreet's requested remedies.  Next, it is clear that Southern Coal violated the Final

Order because it has not yet paid *anything* into the loss fund. Finally, BrickStreet alleges that Southern Coal's failure to comply with the Final Order has caused it harm. (Br. in Supp. of Contempt 4.) The permanent injunction was meant to "ensure that Southern Coal, and not BrickStreet, ultimately pays for the workers' compensation claims" at issue here. (Mem. Op. on Remedies 5.) Southern Coal is still in breach of its contract with BrickStreet, and, as BrickStreet notes, "the Court's Final Order was premised on a finding that without entry of the permanent injunction, BrickStreet would be harmed by Southern Coal's breach of contract." (Br. in Supp. of Contempt 5.) BrickStreet has therefore satisfied the elements of civil contempt by clear and convincing evidence.

**B. Inability to Comply Defense**

Southern Coal argues that it should not be held in contempt because it is unable to comply with the court's Final Order. (*Id.* at 3.) A party facing sanctions for civil contempt may assert the defense of "a *present* inability to comply with the order in question." *United States v. Rylander*, 460 U.S. 752, 757 (1983) (citations omitted) (emphasis in original). In raising this defense, it is the alleged contemnor who bears the burden of production. *Id.* An alleged contemnor must affirmatively produce evidence showing a present inability to comply with the order in question. *See United States v. Butler*, 211 F.3d 826, 831 (4th Cir. 2000). Courts have held that "[c]onclusory assertions of financial inability . . . are insufficient to satisfy this burden." *SEC v. SBM Inv. Certificates, Inc.*, No. 1:06-CV-0866-DKC, 2012 WL 706999, at *11 (D.Md. Mar. 2, 2012) (citations omitted). "Rather, the [alleged contemnors] must show that they acted in good faith and took all reasonable efforts to comply with the court's order." *Id*.

Here, Southern Coal has not affirmatively produced evidence that it is presently unable to comply with the Final Order other than the conclusory assertion that it has "no present ability to pay and comply with the Court's judgment order." (Br. in Opp. to Contempt 4.) During the hearing on this matter, Southern Coal contended that the other Justice entities have recently had numerous judgments lodged against them and no longer have the ability to pay Southern Coal's debts. This, however, is a new argument not pled in Southern Coal's brief, and Southern Coal has not produced any evidence in support of this argument. Moreover, Southern Coal has not taken *any* steps whatsoever to comply with the Final Order. Southern Coal, therefore, has not shown the elements of the "inability to comply" defense, and the defense fails.

## C. Proposed Penalty

It is well-settled that the imposition of a daily fine to coerce a party into complying with a court's order is within a district court's civil contempt power. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). BrickStreet asks the court to impose a daily fine of $2,500 beginning seven days from the entry of this order until Southern Coal complies with the Final Order. (Br. in Supp. of Contempt 6.) Southern Coal suggests no other remedy. The court, finding it appropriate to do so, will therefore impose the requested penalty.

As requested by BrickStreet, and there being no opposition by Southern Coal, the court will also order Southern Coal to pay Brickstreet's reasonable attorneys' fees and costs incurred in pursuing this remedy.

III.  CONCLUSION

The court will grant BrickStreet's motion to hold Southern Coal in civil contempt. Southern Coal will have seven days from the entry of this memorandum opinion and the accompanying order to comply with the court's Final Order.  If Southern Coal does not comply within that time frame, the court will order Southern Coal to pay a fine of $2,500 per day to BrickStreet until it comes into compliance.  The court will also award attorneys' fees and costs to BrickStreet.

Entered: February 26, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge