CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
July 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SOUTHERN COAL CORPORATION, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No.: 7:19-cv-00457<br>) |
| | )  By: Elizabeth K. Dillon |
| BRICKSTREET MUTUAL INSURANCE<br>COMPANY, | )      Chief United States District Judge<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant/counter-plaintiff BrickStreet Mutual Insurance Company's (BrickStreet) motion to compel post-judgment discovery. (Mot. to Compel, Dkt. No. 164.) Plaintiff/counter-defendant Southern Coal Corporation (Southern Coal) has not filed any response in opposition, and the time for doing so has long passed.[1] For the reasons set forth below, BrickStreet's motion will be granted.

I.  BACKGROUND

A detailed account of the factual background and procedural background is set forth in the court's prior Memorandum Opinions. (*See* Dkt. Nos. 129, 144, 159.) Only the most relevant facts are stated below.

On September 28, 2023, the court issued a Final Order granting BrickStreet's request for injunctive relief and ordering Southern Coal to replenish the Loss Fund in the amount of $503,985 within fourteen days. (Dkt. No. 145.) Southern Coal failed to comply, prompting BrickStreet to move for civil contempt. On February 26, 2024, the court granted that motion,

---

[1] Pursuant to the Local Rules 11(c)(1) of the Western District of Virginia, "the opposing party must file a responsive brief and such supporting documents as are appropriate within 14 days after service." W.D. Va. Gen. R. 11(c)(1).

holding Southern Coal in civil contempt and imposing sanctions of $2,500 per day for continued noncompliance. (Dkt. No. 160.)

Separately, on February 5, 2024, BrickStreet served its First Set of Interrogatories on Southern Coal in an effort to collect the judgment. (Dkt. No. 164-1.) Following the contempt order, the parties entered into a proposed settlement agreement on May 9, 2024, under which Southern Coal agreed to make payments toward its obligations.[2] The agreement specified, however, that the court's judgment would remain in effect until full payment was made. Southern Coal failed to perform, breaching the agreement and leaving the judgment intact. (Mot. to Compel, 2.)

On November 25, 2024, BrickStreet contacted Southern Coal's counsel regarding outstanding discovery responses. Southern Coal replied on December 19, 2024, stating it would respond, but no responses have been received. (Dkt. Nos. 164-2, 164-3.)

On May 9, 2025, BrickStreet filed the present motion to compel Southern Coal to respond to the discovery served on February 5, 2024. (Motion to Compel.) BrickStreet also seeks attorneys' fees for bringing the motion, asserting that such fees are mandatory unless Southern Coal can demonstrate that its position was substantially justified or that an award would be unjust. (*Id.* at 2.)

## II.  DISCUSSION

**A. Motion to Compel Post-Judgment Discovery**

The Supreme Court has recognized that the rules governing post-judgment discovery are "quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). Under

---

[2] The court is not aware of the full contents of the agreement, nor are they relevant to the resolution of the present motion. The agreement is referenced solely as background, based on BrickStreet's representations in its Motion to Compel, to provide context for its ongoing efforts to secure compliance with the court's judgment and bring resolution to a matter that has been pending for over six years.

Federal Rule of Civil Procedure 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the [s]tate where the court is located."  When evaluating a motion to compel discovery, courts have broad discretion.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).  There is a strong presumption "in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets or otherwise enforce its judgment."  *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 291 (E.D. Va. 2012) (citing *ClearOne Communications, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass. 2011)).  Thus, post-judgment "discovery in aid of execution of a judgment can result in a 'very thorough examination of the judgment debtor.'"  *Id.* at 292 (quoting *Caisson Corp. v. County W. Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974)).

Here, BrickStreet has served Southern Coal with a set of interrogatories that are plainly aimed at enforcing the judgment, seeking relevant information about Southern Coal's financial condition and compliance efforts.  (*See* Dkt. No. 164-1.)  Southern Coal has neither responded to the motion nor provided any justification for its failure to respond to the underlying discovery.  Because the interrogatories are directly relevant and appropriate, and because no opposition has been filed, the court will grant BrickStreet's motion to compel post-judgment discovery.

**B.  Attorneys' Fees**

Federal Rule of Civil Procedure 37(a) governs the imposition of attorneys' fees and expenses in discovery disputes.  Specifically, Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This award is mandatory unless one of three exceptions applies: "(1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

While the court agrees that BrickStreet may be entitled to recover its reasonable attorneys' fees for filing its motion to compel post-judgment discovery, it has not specified the amount sought. Further Southern Coal has not yet had an opportunity to be heard on the issue. Accordingly, if BrickStreet intends to pursue attorneys' fees, it shall file a separate motion in compliance with Local Civil Rule 54(a)(2) within fourteen (14) days of the entry of this order.

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that BrickStreet's Motion to Compel (Dkt. No. 164) is GRANTED. Southern Coal shall respond to BrickStreet's First Set of Interrogatories (Dkt. No. 164-1) not later than twenty-one (21) days after the entry of this order.

If BrickStreet intends to seek attorneys' fees, it shall file a separate motion in accordance with Local Civil Rule 54(a)(2) no later than fourteen (14) days after entry of this order. Southern Coal shall have fourteen (14) days from the date of service of the motion to file any opposition. Any reply must be filed within seven (7) days of service of the opposition.

The Clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: July 16, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge